UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE:                                )
                                      )
ABIGAIL P. HOLLORAN,                  )
                                      )
    Debtor.                           )
_____

                                      )
ROBERT H. WALDSCHMIDT,                )
                                      )
    Trustee/Appellee,                 )
                                      )
    v.                                )    Case No. 3:06-0449
                                      )    JUDGE ECHOLS
ABIGAIL P. HOLLORAN,                  )
                                      )
    Debtor/Appellant.                 )

## MEMORANDUM

Pending before the Court is the direct appeal from the final Bankruptcy Court's March 7, 2006 "Order Denying Motion for Reconsideration of Order Granting Summary Judgment and Denying Discharge of Debtor." This is a final Order and this Court has jurisdiction of this appeal pursuant to 28 U.S.C. § 158(a)(1).

### I. FACTUAL BACKGROUND

This appeal presents the issue of whether the Bankruptcy Judge abused her discretion in denying the debtor's motion to reconsider the grant of summary judgment and denial of her discharge in an adversary proceeding filed by the Bankruptcy Trustee. The Trustee also raises the issue of whether this appeal is timely filed. For

1

purposes of this appeal, the underlying facts need only be recounted in summary fashion.

On August 12, 2005, the Debtor, Abigail P. Holloran, pro se, filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Attached to the petition were statements and schedules, all of which had been signed under the penalty of perjury.

Shortly after the Petition was filed, a Trustee was appointed. The Trustee discovered the Debtor's schedules and statements allegedly were incomplete or inaccurate and therefore filed an adversary proceeding. In a "Complaint to Deny Discharge," the Trustee alleged that he had discovered many items in the Petition which were not accurate, incomplete, or misstated. Specifically, the Trustee alleged that the Debtor claimed the loss of "hundreds of thousands of dollars" from bad investments but was unable to explain those losses. The Debtor also failed to include on her Statement of Financial Affairs the fact that she had transferred three different tracts of land in two different Tennessee counties within one year of the filing of her Petition, nor did she account for the funds received from those transfers.

In his Complaint, the Trustee asserted several violations of the Bankruptcy Code. Specifically, he alleged: (1) the Debtor had concealed records or information of or about her financial condition in violation of 11 U.S.C. § 727(a)(3); she had made a false oath or account in violation of 11 U.S.C. § 727(a)(4); and or

she had failed to explain the loss of assets in violation of 11 U.S.C. § 727(a)(5).

A pretrial conference was held before the Bankruptcy Judge on December 5, 2005. Both the Trustee and Debtor were present at the conference during which certain deadlines were set, including a January 13, 2006 deadline for the filing of dispositive motions. The Court also set February 21, 2006 as the hearing date on dispositive motions and confirmed that and the other deadlines in a Pretrial Order.

On January 3, 2006, the Trustee filed a Motion for Summary Judgment and accompanying brief. The Debtor did not file a response brief, although she claims to have filed verified responses to the Trustee's discovery requests which were not reflected on the Bankruptcy Court's docket sheet.

Approximately one month before the scheduled hearing date for dispositive motions, counsel for the Debtor filed an appearance. However, neither she, nor her lawyer appeared at the February 21, 2006 hearing on the Trustee's Motion for Summary Judgment. On February 23, 2006, the Bankruptcy Judge entered an Order Granting Summary Judgment and Denying Discharge of Debtor. The substance of that Order is as follows:

> This matter is before the Court upon the motion of the Trustee for Summary Judgment, filed on January 3, 2006, and of which was set for hearing on February 21, 2006, as referenced in the Pretrial Order of December 6, 2005. It appearing that the Debtor has not filed a response to the motion, and did not appear at the hearing

of this matter, and that the unopposed motion supports
the relief requested by the Trustee, and for other cause
to the Court shown;
IT IS HEREBY ORDERED that the Trustee's motion for
Summary Judgment be, and is hereby GRANTED.
IT IS FURTHER ORDERED that the Debtor's Discharge in
this Chapter 7 proceeding be, and is hereby **DENIED**,
pursuant to 11 U.S.C. §727(a)(2),(3),(4) & (5).

(Docket Entry No. 3, Ex. 9).

Counsel for the Debtor then filed a "Motion for Reconsideration of Order Granting Summary Judgment and Denying Discharge of Debtor," together with a brief in support thereof. (Docket Entry No. 2 Exs. 10 & 11). Counsel argued that the Bankruptcy Court should reconsider its grant of the Trustee's Motion for Summary Judgment on the following grounds: (1) on January 6, 2006, prior to the date for the hearing (and before counsel had entered his appearance), the Debtor filed her responses to the Trustee's interrogatories and requests for admissions under oath which stated the transfers of properties were made in the ordinary course of business; and (2) counsel was admittedly negligent in failing to mark the hearing date for the motion for summary judgment on his calendar and in failing to appear at the hearing. (Docket Entry No. 2, Ex. 11 at 2-4).

On March 7, 2006, the Bankruptcy Court entered an Order denying the Debtor's Motion for Reconsideration. Omitting the caption and signature block, the Order reads:

This matter is before the Court upon the debtor's
motion for reconsideration of the order granting summary

4

> judgment to the Trustee in the above-styled adversary and denying the debtor's discharge.
>
> Having reviewed the motion to reconsider and the accompanying brief, the Court finds that the motion is not well taken. The debtor was present at the pre-trial conference, counsel filed a notice of appearance a month prior to the scheduled hearing on the trustee's motion for summary judgment, and neither he nor the debtor appeared at the hearing nor was a response to the motion for summary judgment filed.
>
> Pursuant to Fed. R. Bankr. P. 9024, which incorporates Fed. R. Civ. P. 60, a party may receive relief from a "final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect," among other reasons. The debtor has the burden of bringing herself within the provisions of Rule 60(b), **see Smith v. Kincaid**, 249 F.2d 243, 244 (6th Cir. 1957), and the debtor has failed to meet this burden.
>
> **IT IS, THEREFORE, ORDERED** that the debtor's motion for reconsideration of the order granting the trustee's motion for summary judgment and denying the discharge of the debtor is **DENIED**.

(Docket Entry No. 3, Ex. 11). This appeal, filed March 17, 2006, followed.

## II. STANDARD OF REVIEW

This Court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law *de novo*. Rembert v. AT & T Univ. Card Serv. (In re Rembert), 141 F.3d 277, 280 (6th Cir. 1998). A factual finding is clearly erroneous only when the reviewing court is left with the definite and firm conviction on the entire evidence that a mistake has been made. Id.

## III. LEGAL ANALYSIS

Preliminarily, this Court must address the Trustee's assertion that this Court lacks jurisdiction because the appeal was not

5

timely filed.  In this regard, the Trustee argues that since the appeal was filed in the main case, as opposed to the adversary action (as was the Motion to Reconsider), there has been no proper appeal taken.

Bankruptcy Rule 8001(a) states that "[a]n appeal from a judgment, order, or decree of a bankruptcy judge to a district court . . . as permitted by 28 U.S.C. § 158(a)(1) . . . shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002."  Fed. R. Bankr. Proc. 8001.  Rule 8002 in turn provides that "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of entry of the judgment, order, or decree appealed from."  Fed. R. Bankr. Proc. 8002.  Where a Motion to Reconsider is filed within ten days of an underlying Order, a notice of appeal must be filed within ten days of the Order denying the Motion to Reconsider. Matter of Christopher, 35 F.3d 232, 235 (5th Cir. 1994); South Texas Wildhorse Desert Invs., Inc. v. Texas Commer Bank-Rio Grande Valley, 314 B.R. 107, 109 (S.D. Tex. 2004); Linton v. Grow, 183 B. R. 838 (S.D. Ind. 1995).[1]

In this case, the Debtor appealed the denial of the Motion to Reconsider within ten days of the entry thereof.  The fact that the

---

[1]Technically, just as under the Federal Rules of Civil Procedure, "[t]here is no such thing as a Motion for Reconsideration" under the bankruptcy rules. South Texas, 314 Bankr. R. 107.  Nevertheless, courts construe such filings as a motion to alter or amend within the meaning of Bankruptcy Rules 7052 and/or 9023.  Id.

6

Notice of Appeal was filed in the underlying case and not the adversary proceeding is not fatal to the jurisdiction of this Court. Bankruptcy Rule 8001, which indicates that appeals shall be taken within the time limits set forth in Bankruptcy Rule 8002, also provides that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deem[s] appropriate, which may include dismissal of the appeal." Fed. R. Bankr. Proc. 8001. This Court does not find dismissal appropriate and accordingly it turns to the merits.

The Debtor's Motion for Reconsideration was filed pursuant to Rule 60(b).[2] Rule 60(b) states that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . or (6) any other reason justifying relief from the operation of the judgment.

The denial of a Rule 60(b) motion is generally reviewed for an abuse of discretion. Doe v. Lexington-Fayette Urban County Gov't., 407 F.3d 755, 776 (6th Cir. 2005). "However, [the Court] must 'treat the [lower] court's interpretation and application of the Federal Rules of Civil Procedure as a question of law and, as with

---

[2] Bankruptcy Rule 9024 provides that Rule 60 of the Federal Rules of Civil Procedure applies in bankruptcy cases.

all legal question, review [the lower court's] analysis de novo.'" Kalamazoo River Study Group v. Rockwell Int'l Inc., 355 F.3d 574, 583 (6th Cir. 2004)(citation omitted). Moreover, "an appeal of the denial of a Fed. R. Civ. P. 60 motion does not bring up the underlying judgment for review." Cacevic v. City of Hazel Park, 226 F.3d 483, 490 (6th Cir. 2000). Instead, the Court is merely to inquire as to whether the appealing party is entitled to reopen the merits of her underlying claim. Id.

In this case, the Bankruptcy Court granted summary judgment noting the motion was unopposed because it "appeared" no response had been filed. However, according to the Debtor, on January 6, 2006, she filed responses to the Trustee's interrogatories and requests for production in which she claimed the transfers of the property at issue were not listed on her schedules because they were done in the normal course of business. Since the responses were signed under oath, the Debtor claims that she had responded within the meaning of Rule 56 of the Federal Rules of Civil Procedure as her responses constituted an affidavit.[3]

Rule 56(c) provides that a court, in ruling on a motion for summary judgment, shall consider affidavits and discovery responses in determining whether there are any genuine issues as to material facts. The problem that the Debtor cannot overcome is that there

---

[3]The procedures governing Rule 56 motions in district courts are made applicable to adversary proceedings by virtue of Bankruptcy Rule 7056.

8

is no evidence before this Court (and apparently none before the Bankruptcy Court) which would suggest that any responses, notarized or otherwise, to the discovery requests were filed.  The docket sheets provided to the Court indicate that no filings were made on January 6, 2006, let alone any filing by the Debtor relating to discovery responses.  The parties' Designation of the Record in this appeal contains no reference to any discovery responses which may have been filed.  In fact, in the Debtor's brief filed in this Court, as well as the memoranda filed in the bankruptcy court on the Motion for Reconsideration, the Debtor merely asserts that responses had been filed which would show that the transfers were done "in the ordinary course of business."

Given the dearth of evidence to the contrary, the Bankruptcy Court did not err in granting summary judgment to the Trustee based upon his fully supported motion.  Nor did the Bankruptcy Court commit error in ruling on the motion to reconsider because, at that time, there was no evidence before it supporting the Debtor's claim that the properties were transferred "in the ordinary course of business."  Only unadorned assertions by counsel were presented to the Bankruptcy Court which would suggest that is in fact what had occurred with respect to the property.  That was insufficient to survive a properly supported Motion for Summary Judgment.  <u>United States v. One Harrington Rifle</u>, 378 F.3d 533, 534 (6th Cir. 2004).

9

The record does not contain any evidence that the Debtor responded to the motion for summary judgment, and affirmatively shows that neither counsel nor the Debtor appeared for the hearing on the Motion for Summary Judgment. That failure means the Debtor is not entitled to relief under Rule 60(b)(1). "'The failure to respond to a motion for summary judgment or to request an extension of time to file a response thereto is inexcusable neglect.'" B & D Partners v. Pastis, 2006 WL 1307480 *2 (6th Cir. 2006) quoting Kendall v. Hoover Co., 751 F.2d 171, 175 (6th Cir. 1984).

This is particularly true in this case where, after claiming that responses had been filed which showed the properties had been transferred "in the ordinary course of business," counsel did not argue at any length as to how such a transfer would defeat the Trustees' claims. While such a transfer might arguably address the claim that the Debtor had failed to explain the loss of assets in violation of 11 U.S.C. § 727(a)(5), it does not address the Trustee's claims that the Debtor had made a false oath or account in violation of 11 U.S.C. § 727(a)(4), or address the Trustees' claim that the Debtor concealed records or information about her financial condition in violation of 11 U.S.C. § 727(a)(3). Instead of developing such an argument, the Debtor merely asserts "[v]iewing this issue in a light most favorable to the Debtor would mean that the Debtor did not have to list the properties in the Statement of Financial Affairs and therefore that the Complaint to

10

Deny Discharge fails." (Docket Entry No. 6 at 10). This bald assertion was insufficient given that the Trustee had fully supported his Motion for Summary Judgment.

The Debtor also claims the Bankruptcy Court erred in failing to grant her Motion for Reconsideration on the grounds of newly discovered evidence under Rule 60(b)(2). To be entitled to relief under that Rule, the Debtor must meet two requirements. First, the Debtor must show that she exercised due diligence in obtaining the new evidence, and second, she must show that the new evidence is "'material and controlling and clearly would have produced a different result if presented before the original judgment.'" Good v. Ohio Edison Co., 149 F.3d 413, 423 (6th Cir. 1998)(citation omitted).

In a Supplemental Memorandum filed in support of the Motion for Reconsideration, the Debtor asserted that in January and February of 2006, Debtor's counsel made numerous phone calls and sent several letters in an effort to discover where the proceeds of the land transfers went. Counsel asserts that this investigation revealed that proceeds of $150,000.00 from a land sale by the Debtor went directly into the account of an entity named First One, and that proceeds of $70,425.84 from a land sale also was placed directly into Fire One's account. (Docket Entry No. 2 Ex. 14 at 3).

11

Assuming the Debtor established due diligence given counsel's late appearance in the case, the Debtor did not establish that the new evidence was material and controlling or that it clearly would have produced a different result had it been presented to the Bankruptcy Court when it considered the Trustee's Motion for Summary Judgment. As indicated, the Trustee moved for summary judgment on various actions or inactions taken by the Debtor. While the existence of the evidence relating to First One's receipt of the funds may have countered the Trustee's argument regarding her alleged failure to explain the loss of assets in violation of 11 U.S.C. § 727(a)(5), that evidence does not address the Trustee's claim that the Debtor had made false statements or concealed records.

Finally, the Bankruptcy Court did not err in denying relief under the catch-all provision of Rule 60(b)(6) which allows a court to consider "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). "Relief from a judgment pursuant to Rule 60(b)(6) 'is appropriate to accomplish justice in an extraordinary situation'" and the court's discretion is "'especially broad' given the underlying equitable principles involved." Johnson v. Unknown Dellatifa, 357 F.3d 539, 543 (6th Cir. 2004). For the reasons already stated, the Debtor has not shown that this is an "unusual and extreme situation where principles of equity mandate relief," Ollie v. Henry & Wright

12

Corp., 910 F.2d 357, 365 (6th Cir. 1990), or that the Bankruptcy Court abused its broad discretion in refusing to reconsider its grant of summary judgment to the Trustee.

### IV. CONCLUSION

For the foregoing reasons, the March 7, 2006 Order of the Bankruptcy Court March 7, 2006 denying the Debtor's Motion for Reconsideration will be affirmed.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

13